UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ABRYEL WILDER, on behalf of minor C.H.,<br><br>Petitioner,<br><br>v.<br><br>WHITEHOUSE, et al.,<br><br>Respondents. | CASE NO. 2:23-CV-635-LK-DWC<br><br>ORDER TO SHOW CAUSE AND AMEND |

Abryel Wilder, filing on behalf of C.H., has filed a federal habeas petition under 28 U.S.C. § 2241 appearing to challenge C.H.'s pending state court criminal case, Pierce County Superior Court Case No. 22-1-03398-5. *See* Dkt. 1. While difficult to discern the constitutional violations raised in the petition, in the request for relief, Wilder requests that C.H. be immediately released from custody. Dkt. 1 at 7. The Court has reviewed the Petition and concludes the Petition fails to name a proper respondent, it is inappropriate for the Court to intervene in this case, and the Petition is unexhausted. Therefore, the Court directs Petitioner to file a response to this Order or an amended pleading by June 9, 2023.

**Improper Respondent**. Initially, the Court notes the Petition names the Whitehouse, the Department of Health, the Department of License, the Department of Revenue, and the Secretary of State as respondents in this action. Dkt. 1. "The federal habeas statute straightforwardly

provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"); *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'" (citation omitted)). Thus, when a petitioner is in physical confinement, "the proper respondent is *the warden [or custodian]* of the facility where the prisoner is being held...." *Padilla*, 542 U.S. at 435, (emphasis added); *Brittingham*, 982 F.2d at 379. "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir. 1994), *as amended* (May 18, 1994). In contrast "a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Padilla*, 542 U.S. at 438; *Braden v. 30th Judicial Cir. Court of Ken.*, 410 U.S. 484, 494–95 (1973).

Here, it is not clear from the Petition where C.H. is detained; however, based on the relief requested, C.H. appears to be detained in Pierce County. Regardless, it is clear the named respondents are not proper respondents. Therefore, if an amended petition is filed, the amended petition must name the correct respondent.

***Younger* Abstention.** Even assuming the Petition named the proper respondent, Petitioner would still not be entitled to the relief sought in this action. Because C.H. appears to be awaiting adjudication of his pending criminal charges in Pierce County Superior Court, resolution of Petitioner's claims would necessarily require this Court to become involved in C.H.'s ongoing state court criminal proceedings.

Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires a federal court to abstain from interference with pending state judicial proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

All the *Younger* criteria are satisfied here. First, Petitioner is a pre-trial detainee with ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401 U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate opportunity to address the alleged constitutional violations in the state court proceedings. Fourth, Petitioner seeks release from custody based on the alleged violation of his rights. If this Court were to conclude that Petitioner was entitled to such relief, this would have the practical effect of enjoining Petitioner's ongoing state court proceedings. Accordingly, *Younger* abstention appears to apply in this case, and Petitioner must, therefore, show cause why this federal habeas action is not subject to dismissal.

**Exhaustion.** "[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without

interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless special circumstances warrant federal intervention prior to a state criminal trial. *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger*, 401 U.S. 37. Petitioner fails to show state court remedies were exhausted by presenting federal constitutional or statutory claims to the Washington state trial and appellate courts in the ongoing criminal proceedings against him. Petitioner has also not shown special circumstances warrant federal intervention in this case. Therefore, Petitioner must show cause why this case should not be dismissed for failure to exhaust state remedies.

**Next Friend.** Finally, as noted above, the instant petition has been filed by C.H.'s mother, acting on C.H.'s behalf. The federal habeas statute provides that the "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also* Fed. R. Civ. P. 17. Federal courts recognize that under appropriate circumstances, habeas petitions can be brought by third parties, such as family members or agents, on behalf of a prisoner – which is known as next-friend standing. *Whitmore v. Arkansas*, 495 U.S. 149, 161-64 (1990). The prerequisites for "next friend" standing in habeas proceedings are: (1) that the "next friend" provide an adequate explanation – such as inaccessibility, mental incompetence or other disability – as to why the real party in interest cannot appear on his own behalf to prosecute the action; and (2) that the "next

friend" must be truly dedicated to the best interests of the person on whose behalf she seeks to litigate. *See id*.

C.H.'s mother has not provided an adequate explanation for why she is proceeding on his behalf. *See* Dkts. 1, 2. For example, while C.H. appears to be a minor, there is insufficient information to conclude Wilder is C.H.'s legal guardian and that C.H. is aware of the filing. The Court is not fully persuaded, based on the record currently before it, that Wilder should be granted "next friend" standing. Thus, assuming Petitioner is able to demonstrate that this action should proceed, the Court will require C.H.'s mother, Wilder, make a more detailed showing establishing that she meets the prerequisites for "next friend" standing.

Based on the foregoing, this Court hereby ORDERS as follows:

(1) Petitioner shall show cause not later than **June 9, 2023** why this action should not be dismissed. As the proper respondent has not been named, in addition to showing cause why this case should not be dismissed, the Court directs Petitioner to file an amended petition that names a proper respondent and clearly identifies the constitutional violations alleged. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

(2) The Clerk is directed to mail a copy of this Order to Abryel Wilder at the address she provided to the Court and to C.H. at his place of confinement.

Dated this 9th day of May, 2023.

David W. Christel
Chief United States Magistrate Judge

ORDER TO SHOW CAUSE AND AMEND - 5