1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

ABRYEL WILDER, on behalf of minor C.H.,

Petitioner,

v.

WHITEHOUSE, et al.,

Respondent.

CASE NO. 2:23-CV-00635-LK-DWC

REPORT AND RECOMMENDATION

Noting Date: July 7, 2023

16

17

18

19

20

Abryel Wilder, filing on behalf of C.H., has filed a federal habeas petition under 28 U.S.C. § 2241. *See* Dkt. 1. The Court has reviewed the Petition and the responses to the Court's Order to Show Cause and concludes the Petition fails to name a proper respondent, it is inappropriate for the Court to intervene in this case, and the Petition is unexhausted. Therefore, the Court recommends the Petition be dismissed without prejudice and this case be closed.

21

**I.    Background**

22

23

24

On May 1, 2023, Abryel Wilder, filing on behalf of C.H., filed a federal habeas petition under 28 U.S.C. § 2241 appearing to challenge C.H.'s pending state court criminal case, Pierce County Superior Court Case No. 22-1-03398-5. *See* Dkt. 1. Petitioner appears to contend his

1    constitutional rights were violated related to his pending state criminal proceedings. *Id*. He

2    requests immediate release from custody. *Id*. On May 9, 2023, the Court reviewed the Petition,

3    notified Petitioner of the deficiencies of the Petition, and directed Petitioner to show cause why

4    this case should not be dismissed or file an amended petition. Dkt. 4. On June 7, 2023, Wilder

5    filed her response to the Order to Show Cause and, on June 13, 2023, the Court received a

6    document from C.H. *See* Dkts. 5-7.

7        **II.        Discussion**

8            A. *Improper Respondent*

9            Initially, the Court notes the Petition names the Whitehouse, the Department of Health,

10   the Department of License, the Department of Revenue, and the Secretary of State as

11   respondents in this action. Dkt. 1. "The federal habeas statute straightforwardly provides that the

12   proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"

13   *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see also* 28 U.S.C. §

14   2243. Thus, when a petitioner is in physical confinement, "the proper respondent is *the warden*

15   *[or custodian]* of the facility where the prisoner is being held...." *Padilla*, 542 U.S. at 435,

16   (emphasis added). "Failure to name the petitioner's custodian as a respondent deprives federal

17   courts of personal jurisdiction." *Stanley v. California Supreme Ct.*, 21 F.3d 359, 360 (9th Cir.

18   1994), *as amended* (May 18, 1994). In contrast "a habeas petitioner who challenges a form of

19   'custody' other than present physical confinement may name as respondent the entity or person

20   who exercises legal control with respect to the challenged 'custody.'" *Padilla*, 542 U.S. at 438;

21   *Braden v. 30th Judicial Cir. Court of Ken.*, 410 U.S. 484, 494–95 (1973).

22           Here, it is not clear from the Petition where C.H. is detained; however, based on the relief

23   requested, C.H. appears to be detained in Pierce County. The Petition does not name the proper

24

REPORT AND RECOMMENDATION - 2

1  respondent; rather, Petitioner names the Whitehouse, the Department of Health, the Department

2  of License, the Department of Revenue, and the Secretary of State. *See* Dkt. 1. In the responses

3  to the Court's Order to Show Cause, Petitioner does not name the proper respondent and appears

4  to name more improper respondents. *See* Dkts. 5-6. As Petitioner has not named a proper

5  respondent, the Court recommends the Petition be dismissed.

6          B.  *Younger Abstention*

7          Even assuming the Petition named the proper respondent, Petitioner is still not be entitled

8  to the relief sought in this action. Because C.H. appears to be awaiting adjudication of his

9  pending criminal charges in the Pierce County Superior Court, resolution of Petitioner's claims

10  would necessarily require this Court to become involved in C.H.'s ongoing state court criminal

11  proceedings.

12          Generally, the federal courts will not intervene in a pending state court criminal

13  proceeding absent extraordinary circumstances where the danger of irreparable harm is both

14  great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires a federal

15  court to abstain from interference with pending state judicial proceedings when: "(1) there is 'an

16  ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3)

17  there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and

18  (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing

19  state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting

20  *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

21          All the *Younger* criteria are satisfied here. First, Petitioner is a pre-trial detainee with

22  ongoing state proceedings. Second, as these proceedings involve a criminal prosecution, they

23  implicate important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, (1986); *Younger*, 401

24

1  U.S. at 43-44. Third, Petitioner has failed to allege facts showing he has been denied an adequate

2  opportunity to address the alleged constitutional violations in the state court proceedings. Fourth,

3  Petitioner seeks release from custody based on the alleged violation of his rights. If this Court

4  were to conclude that Petitioner was entitled to such relief, this would have the practical effect of

5  enjoining Petitioner's ongoing state court proceedings.

6          Under the circumstances presented in this case, federal intervention with Petitioner's

7  pending state criminal proceedings would be inappropriate under the *Younger* abstention

8  doctrine. Therefore, the Court finds the Petition should be dismissed.

9          C.  *Exhaustion*

10          "[A] state prisoner must normally exhaust available state judicial remedies before a

11  federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275

12  (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been

13  afforded] a meaningful opportunity to consider allegations of legal error without interference

14  from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must

15  give the state courts one full opportunity to resolve any constitutional issues by invoking one

16  complete round of the State's established appellate review."  *O'Sullivan v. Boerckel*, 526 U.S.

17  838, 845 (1999).

18          Although there is no exhaustion requirement mandated by 28 U.S.C. § 2241(c)(3), the

19  Ninth Circuit Court of Appeals has held exhaustion is necessary as a matter of comity unless

20  special circumstances warrant federal intervention prior to a state criminal trial. *Carden v.*

21  *Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980); *see Younger*, 401 U.S. 37. Petitioner fails to show

22  state court remedies were exhausted by presenting federal constitutional or statutory claims to

23  the Washington state trial and appellate courts in the ongoing criminal proceedings against him.

24

1   *See* Dkts. 1, 5-7. Petitioner has also not shown special circumstances warrant federal intervention

2   in this case. *See* Dkts. 1, 5-7. Therefore, the Court finds the Petition should be dismissed for

3   failure to properly exhaust.

4          D.  *Next Friend*

5          Finally, the instant petition has been filed by C.H.'s mother, acting on C.H.'s behalf. *See*

6   Dkt. 1. The federal habeas statute provides that the "[a]pplication for a writ of habeas corpus

7   shall be in writing signed and verified by the person for whose relief it is intended or by someone

8   acting in his behalf." 28 U.S.C. § 2242; *see also* Fed. R. Civ. P. 17. Federal courts recognize that

9   under appropriate circumstances, habeas petitions can be brought by third parties, such as family

10  members or agents, on behalf of a prisoner – which is known as next-friend standing. *Whitmore*

11  *v. Arkansas*, 495 U.S. 149, 161-64 (1990). The prerequisites for "next friend" standing in habeas

12  proceedings are: (1) that the "next friend" provide an adequate explanation – such as

13  inaccessibility, mental incompetence or other disability – as to why the real party in interest

14  cannot appear on his own behalf to prosecute the action; and (2) that the "next friend" must be

15  truly dedicated to the best interests of the person on whose behalf she seeks to litigate. *See id*.

16         C.H.'s mother has not provided an adequate explanation for why she is proceeding on

17  C.H.'s behalf. *See* Dkts. 1, 2, 5-6. For example, while C.H. appears to be a minor, there is

18  insufficient information to conclude Wilder is C.H.'s legal guardian and that C.H. is aware of the

19  content of Wilder's filings. The Court is not fully persuaded, based on the record currently

20  before it, that Wilder should be granted "next friend" standing. As the Court finds the Petition

21  should be dismissed, the Court finds it unnecessary to determine if Wilder has established she

22  meets the prerequisites for "next friend" standing at this time.

23

24

REPORT AND RECOMMENDATION - 5

1     **III.**     **Certificate of Appealability**

2     A state prisoner who is proceeding under § 2241 must obtain a Certificate of

3 Appealability ("COA") under § 2253(c)(1)(A) to challenge process issued by a state court.

4 *Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009). A COA may be issued only where a

5 petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C.

6 § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could

7 disagree with the district court's resolution of his constitutional claims or that jurists could

8 conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-*

9 *El. v. Cockrell*, 537 U.S. 322, 327 (2003).

10     No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or

11 would conclude the issues presented in the Petition should proceed further. Therefore, the Court

12 concludes Petitioner is not entitled to a COA with respect to the Petition. If Petitioner believes

13 the Court should issue a COA, he should set forth his reasons in his objections to this Report and

14 Recommendation.

15     **IV.**     **Conclusion**

16     For the foregoing reasons, the Court recommends the Petition (Dkt. 1) be dismissed

17 without prejudice. The Court also recommends a COA not be issued. As Petitioner has not

18 exhausted available state remedies, the Court finds an appeal would not be taken in good faith

19 and, thus, recommends denying any request to proceed *in forma pauperis* on appeal.

20     Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

21 fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P.

22 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

23 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

24

1 | objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

2 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

3 | imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July

4 | 7, 2023, as noted in the caption.

5 |       Dated this 21st day of June, 2023.

6

7 |                 David W. Christel

8 |                 Chief United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 7