UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ABRYEL WILDER, on behalf of minor C.H., <br><br> Petitioner, <br><br> v. <br><br> WHITEHOUSE, et al., <br><br> Respondents. | CASE NO. 2:23-CV-00635-LK <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on United Sates Magistrate Judge David W. Christel's Report and Recommendation ("R&R"), Dkt. No. 8, and pro se Petitioner Abryel Wilder's objections thereto, Dkt. No. 9. Having reviewed these documents, the remaining record, and the controlling law, the Court adopts Judge Christel's R&R and dismisses Ms. Wilder's habeas petition without prejudice.

I. BACKGROUND

Ms. Wilder brought this habeas petition on behalf of her minor son, C.H., who is currently detained at Remann Hall Juvenile Detention Center pending trial for state criminal offenses. Dkt.

No. 1 at 1; Dkt. No. 8 at 1; Dkt. No. 7 at 2; Dkt. No. 9 at 33. The petition names as respondents the "Whitehouse," Department of Health, "Department of License," Department of Revenue, and "Department of Secretary of State." Dkt. No. 1 at 1. Although the substance of the petition is difficult to discern, it appears—as Judge Christel observes in his R&R—that Ms. Wilder is challenging C.H.'s pending state criminal case. Dkt. No. 8 at 1. Her petition advances several constitutional claims ranging from due process violations to ineffective assistance of counsel, and generally attacks the integrity of the state court proceedings, the sufficiency of the evidence against C.H., and judicial and prosecutorial bias. Dkt. No. 1 at 1–2, 6–8. For example, Ms. Wilder contends that the state trial court has "failed to hold court hearings for all matters" and that state agents "have refused to provide legal documents." *Id.* at 1–2. She seeks a restraining order against several parties not named as respondents—including Governor Jay Inslee, the State of Washington, an unidentified sheriff, and the Department of Children, Youth, and Families ("DCYF")—and asks the Court to grant her and C.H. "immunity." *Id.* at 7. Last, Ms. Wilder urges the Court to "void[] and rescind[]" several provisions in an unidentified contract. *Id.*

Judge Christel ordered Ms. Wilder to show cause why her petition should not be dismissed on four grounds: (1) failure to name a proper respondent; (2) failure to identify extraordinary circumstances that might justify federal court interference with C.H.'s ongoing state criminal proceedings; (3) failure to exhaust available state remedies for the claims set forth in the petition; and (4) failure to establish next-friend standing for purposes of instituting habeas proceedings on C.H.'s behalf. Dkt. No. 4 at 1–5.[1] Judge Christel directed Ms. Wilder to file an amended petition "that names a proper respondent and clearly identifies the constitutional violations alleged." Dkt. No. 4 at 5.

---

[1] Judge Christel also expressed concern over whether Ms. Wilder remains C.H.'s legal guardian and whether C.H. is aware of this habeas petition. Dkt. No. 4 at 5; *see* Fed. R. Civ. P. 17(c).

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

1        Ms. Wilder filed a timely response to Judge Christel's order to show cause. Dkt. No. 5. There she "wholly [o]bject[ed]" to Judge Christel's order as C.H.'s "God given mother" and "natural guardian," and accused Judge Christel of being biased. *Id.* at 2. As with her habeas petition, Ms. Wilder's response is difficult to decipher. It consists mostly of incoherent arguments about unethical state actors (presumably in C.H.'s criminal case), excerpts of state court rules, reproduced definitions from Black's Law Dictionary, unadorned and untethered case citations, references to the "Rules of Courts-Martial," and a request for a bill of particulars in C.H.'s underlying state criminal case. *Id.* at 2–6. Ms. Wilder indicated that C.H. "prepared a response letter" but, "due to the interference of the assigned counsel and probation officer assigned to [C.H.]," the response was not mailed. *Id.* at 7 (capitalization altered).[2] She also attached two exhibits to her response: (1) a May 30, 2023 letter from the Pierce County Juvenile Court about a "disturbance" at a juvenile detention facility; and (2) a June 2023 public records request for a bill of particulars in C.H.'s criminal case. Dkt. No. 5 at 8–11.[3]

         Judge Christel recommends dismissal of Ms. Wilder's petition without prejudice because she failed to remedy the deficiencies identified in his order to show cause. Dkt. No. 8 at 2–6. He also recommends denying a certificate of appealability because no jurist of reason could disagree with his evaluation of Ms. Wilder's claims or conclude that the issues presented in her petition deserve to proceed further. *Id.* at 6; *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Ms. Wilder filed timely objections. Dkt. No. 9.

---

[2] The Court received a letter from C.H. dated June 12, 2023. Dkt. No. 7. In this letter, C.H. claims, among other things, that he has "not had proper medical treatment," has "rec[e]ive[d] very little meat[]," and has "a rash that has[n']t been tre[a]ted." *Id.* at 1. He also makes a series of demands. For example, he wishes to revoke any signatures he provided without the consent of Ms. Wilder (who he identifies as his mother), demands "tort claim papers," demands that "all counsel withdraw from [his] case and no longe[r] act as if they are rep[re]senting [him]," and demands a bill of particulars. *Id.* Like Ms. Wilder, C.H. believes that "the court and members are biased" against him. *Id.*

[3] Ms. Wilder filed an amended response to Judge Christel's order that is in all material respects identical to her initial response. *See generally* Dkt. No. 6.

ORDER ADOPTING REPORT AND RECOMMENDATION - 3

## II.  DISCUSSION

The Court makes "a de novo determination of those portions of the [R&R] to which objection is made," and "may accept, reject, or modify, in whole or in part, the recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). As the statute and rule suggest, the Court reviews only those findings and recommendations properly objected to. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The first eight pages of Ms. Wilder's objections closely resemble her response and amended response to Judge Christel's order to show cause; indeed, large swaths are copied and pasted from those documents. Dkt. No. 9 at 1–8.[4] Her objections otherwise consist of exhibits. Specifically, Ms. Wilder has supplied (1) a copy of a lease agreement with no explanation as to its relevance and no discernable connection to her petition or C.H.'s underlying criminal proceedings, *id.* at 9–20; (2) a copy of a trustee's deed with, again, no explanation as to its relevance and no discernable connection to her petition or C.H.'s criminal proceedings, *id.* at 21–27; (3) a copy of C.H.'s June 12, 2023 letter to the Court, *id.* at 28–30; (4) a copy of C.H.'s June 20, 2023 letter to the Court, *id.* at 31–33;[5] (5) a document titled "Subpoena and Demand for Trial and Objection," *id.* at 34–36;[6] (6) a copy of the May 30, 2023 letter from the Pierce County Juvenile Court about

---

[4] Ms. Wilder makes passing reference to a "notice of third[-]party contempt of court," a violation of the Freedom of Information Act, and a violation of Rule 37, but does not otherwise explain the relevance of these assertions or provide legal argument. *Id.* at 1. She also objects to electronic filing and service due to her "stigmatism" and the attendant difficulty of viewing documents on a computer screen. *Id.* E-filing and usage of the CM/ECF system is not mandatory for pro se litigants in the Western District of Washington, meaning Ms. Wilder is free to continue filing paper submissions with the Clerk of Court. *See* https://www.wawd.uscourts.gov/attorneys/cmecf (explaining that CM/ECF filing is "optional for those representing themselves"). The Court will likewise continue to mail copies of its orders to Ms. Wilder at her last known address.

[5] Although this second letter is faded and difficult to discern, C.H. appears to be claiming that the owners of a certain property violated his rights. *Id.* at 33. He advances disjointed allegations about the psychological harm he has suffered and offers to testify about how "United States officials" are biased against black and native people. *Id.*

[6] In this document, C.H. demands a trial on the issues raised in Ms. Wilder's petition. *Id.* at 36. He also demands copies of certain documents (presumably related to his criminal proceedings) and urges the Court to interfere in his state proceedings because they involve "inhumane issues," and he is "a victim of domestic terrorism." *Id.*

a "disturbance" at a juvenile detention facility, *id.* at 37–38; (7) a subpoena directed to Stephen Dwight Downing and the Washington Bar Association, *id.* at 39–41; (8) a subpoena directed to Chris Torrone and the Washington Bar Association, *id.* at 42–44; (9) a subpoena directed to Pierce County Annex JMPCC and Deputy Cindy Hartman, *id.* at 46, 48; and (10) a letter from Washington's Director of Public Records informing Ms. Wilder that it failed to locate any documents responsive to her public records request, *id.* at 47.

Aside from confirming that C.H. approves of Ms. Wilder's pursuit of this habeas petition on his behalf (relevant to next-friend standing), Ms. Wilder's objections do not address—let alone refute—the grounds for dismissal Judge Christel identifies in his R&R. And the Court's independent review confirms that dismissal on those grounds is warranted.[7]

### III.  CONCLUSION

The Court ORDERS as follows:

(1)   Judge Christel's R&R is ADOPTED, Dkt. No. 8;

(2)   Ms. Wilder's habeas petition is DISMISSED without prejudice, Dkt. No. 1; and

(3)   The certificate of appealability is DENIED.

Dated this 10th day of July, 2023.

Lauren King
United States District Judge

---

[7] Ms. Wilder's objections also contain a "demand for a change of venue" pursuant to 28 U.S.C. § 1404(a). Dkt. No. 9 at 1. A petitioner should not lodge a motion for affirmative relief in her objections to a report and recommendation. But even so, Ms. Wilder does not identify a transferee court or explain why transfer is in the interest of justice or how it would be more convenient for the parties. Transfer is therefore unwarranted.

ORDER ADOPTING REPORT AND RECOMMENDATION - 5